**Berman v. Burren Inc.**

C.P. of Montgomery County, no. 94-09993.

*Michael Feder,* for plaintiff.

*Justin Miller,* for defendants Burren, Berfla and Pennsylvania Real Estate Investment Trust.

*Carl Huzelik,* for defendants Berman.

SUBERS, *J.,* March 4, 1996—Plaintiffs, Daniel Berman, and Robert Berman et al., filed a complaint in this action on May 27, 1994 in Montgomery County Court of Common Pleas, Montgomery County, Pennsylvania, which alleged a conspiracy to exclude plaintiffs from a partnership which included the defendants with regards to two real estate ventures in Coral Springs, Florida, known as "Turtle Run" and "Eagle's Nest." Defendants filed a complaint[1] in Delaware Court of

---

1. C.A. no. 13579, Delaware Court of Chancery, New Castle, Delaware.

Chancery on June 22, 1994 requesting relief with regards to a separate real estate venture between the parties located in Bear, Delaware, known as "Fox Run." Plaintiffs then filed an amended complaint in Montgomery County on July 28, 1994, which attempted to include all claims raised by the defendants in the Delaware action.

The Delaware Court of Chancery has adjudicated defendants' Delaware complaint as "first filed" on the issues of the Delaware claims. On October 19, 1995, Vice-Chancellor Jack Jacobs issued a memorandum opinion and order in response to plaintiff Berman's motion to stay the Delaware proceedings. In that opinion, Vice-Chancellor Jacobs found that the original complaint filed by plaintiffs, Berman et al., did not involve the same parties or issues as those involved in the Delaware complaint filed by defendants, Burren et al. In addition, plaintiffs amended their Pennsylvania complaint, without leave of court, to include parties and claims involved in the previously filed Delaware actions, six weeks after the Delaware complaint had been filed. As such, the vice-chancellor concluded that although the original Pennsylvania complaint was filed several weeks before the Delaware action, it was not entitled to "first filed" status under *McWane Cast Iron Pipe Corp. v. McDonnell-Wellman Engineering Co.,* Del. Super., 263 A.2d 281, 283 (1970). On December 6, 1995, the Supreme Court of Delaware issued an order which refused plaintiff Berman's application for interlocutory review, and cited with approval Vice-Chancellor Jacobs' memorandum opinion.[2]

---

2. Supreme Court of Delaware, order by Chief Justice Veasey, dated December 6, 1995.

On November 16, 1995, plaintiffs filed a motion for an injunction in the Delaware Court of Chancery. On November 17, 1996 the Delaware Chancery Court scheduled a hearing for November 28, 1995. An "emergency conference" was held before this court on November 27, 1995, to argue defendant's motion to stay prosecution. As a result of that conference, this court entered a temporary injunction order. However, later the same day, on November 27, 1995, this court received a fax which included an order issued by Vice-Chancellor Jack B. Jacobs, Chancery Court, New Castle County, Delaware, in the nature of a temporary restraining order restraining the defendants (meaning plaintiffs Berman et al. in the Pennsylvania action) from presenting to the Pennsylvania court, or otherwise prosecuting, their motion to enjoin prosecution of subsequently filed action.[3] As a result, this court vacated its prior November 27, 1995 injunction, in a subsequent order dated November 27, 1995. In addition, Vice-Chancellor Jacobs vacated his prior November 27, 1995 order, and scheduled oral argument of Delaware plaintiffs' [Burren] preliminary objections, in a second order dated November 27, 1995.

After conferring with Vice-Chancellor Jacobs, and following oral argument held on December 1, 1995 and review of memoranda of law, this court issued an order on January 11, 1996 which severed Counts 9 through 18 of plaintiffs' [Berman et al.] amended

---

3. This court was not advised by counsel appearing before it on November 27, 1995 that counsel was appearing in Delaware Chancery Court on or about the same time, thus the conflicting orders on November 27, 1995 by both courts.

complaint pursuant to Pa.R.C.P. §213(b); decreed that defendant's [Burren et al.] motion to stay plaintiffs' further action on Counts 9 through 18 was granted, and that the Delaware based claims may be pursued only in the action brought before the Court of Chancery, New Castle, Delaware, C.A. no. 13579. Counts 1 through 8 were permitted to proceed in Montgomery County, Pennsylvania under docket no. 94-09993.

Plaintiffs then filed a motion to amend order staying claims, which was refused by this court on January 29, 1996. As a result, plaintiffs then appealed this court's order of January 11, 1996. Pursuant to Pa.R.A.P. 1925(b) and this court's order dated February 8, 1996, plaintiffs filed a concise statement of matters complained of on appeal which alleged the following issues:

(1) Without basis under Pennsylvania law, the order terminated plaintiffs' right to prosecute select claims over which this court has jurisdiction against parties over whom this court has jurisdiction in an action which will continue to be prosecuted in this court;

(2) In this action in which plaintiffs allege a single conspiracy to force plaintiffs out of three partnerships and management contracts without fair compensation, the order may bar plaintiffs from proving the conspiracy as to one of the partnerships (Fox Run), thus depriving plaintiffs of their substantive right to prove their claim; and

(3) Even if plaintiffs prove the conspiracy alleged, the order precludes plaintiffs from obtaining relief from the effects of the conspiracy with respect to the Fox Run partnership.

The sole issue before this court is whether jurisdiction for Counts 9 through 18 of the plaintiffs' amended

complaint rests with the Court of Common Pleas in Montgomery County, Pennsylvania, or whether those claims should be heard by the Court of Chancery, New Castle, Delaware.

Pa.R.C.P. 213(b) states: "(b) The court, in furtherance of convenience or to avoid prejudice, may, on its own motion or on motion of any party, order a separate trial of any cause of action, claim, or counterclaim, setoff, or cross-suit, or of any separate issue, or of any number of causes of action, claims, counterclaims, setoffs, cross-suits, or issues." Pa.R.C.P. §213(b).

Although plaintiffs, Berman et al., allege a "single conspiracy," as the basis for their claims, they failed to even address the claims at issue in their original complaint, filed on May 27, 1994. It was only after defendants, Burren et al., filed suit in New Castle, Delaware on June 22, 1994, that the plaintiffs decided to file an amended complaint in Pennsylvania on July 28, 1994, which added Counts 9 through 18 addressing the "Fox Run" properties in Bear, Delaware. Defendants, Burren et al., have argued, and this court agrees, that the "Fox Run" claims should be litigated in Delaware as they relate to an apartment complex located in Bear, Delaware, which is owned by a Delaware limited partnership,[4] the partnership is comprised of a Delaware corporation[5] and a Delaware limited partnership,[6] and in the relevant partnership documents, the Delaware plaintiffs agreed that this partnership would be governed by Delaware law. In addition, the action filed in Delaware relates to the cleanup of hazardous environmental conditions at the Fox Run apartment complex, which

---

4. Delaware plaintiff, Fox Run Del Associates.
5. Pennsylvania defendant/Delaware plaintiff, Berdel Inc.
6. Delaware plaintiff, F.R.A. Associates L.P.

allegedly exist due to the acts or omissions of plaintiffs, Berman Development Corporation, a Delaware corporation. As such, the claims may be subject to a determination of liability based upon an interpretation of the Delaware Hazardous Substance Clean-Up Act. Defendants, Burren et al., also alleged that the Delaware "Fox Run" claims at issue involve the termination of plaintiffs, Berman Real Estate Management Inc. and Berman Development Corporation, as managers of the Delaware apartment complex due to allegedly misapplied tenant security deposits, which would be in violation of Delaware law.

Finally, the Delaware Court of Chancery has ruled that C.A. no. 13579, filed by the defendants, Burren Inc. et al., in Delaware will proceed on the claims at issue here. It would serve no judicial purpose to have the claims continue in this jurisdiction simultaneously, thus risking conflicting judgments by concurrent courts. This court's ruling in the January 11, 1996 order in no way restricts plaintiffs from presenting testimony or evidence with regards to the "Fox Run" properties in furtherance of their conspiracy theory, as alleged in their complaint. The order simply prevents the possibility of the parties rushing to trial in two separate jurisdictions in order to be the first party with a judgment in place. Pa.R.C.P. 213(b) has given this court the discretion to order a separate trial on these claims to prevent this exact kind of situation.

As such, Pennsylvania law dictated the decision of this court in the case at bar.

## CONCLUSION

For the foregoing reasons, the order of this court dated January 11, 1996 should be affirmed.